# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITCHELL AMELIEUS CLARK, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JASON BRYANT, ) <br> ) <br> Respondent. ) | NO. CIV-16-1406-HE |

## ORDER

Petitioner Mitchell Amelieus Clark, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 for relief from his state court conviction and sentence. The matter was referred to U.S. Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell has issued a Report and Recommendation (the "Report") recommending that the petition be denied. Petitioner has filed an objection to the Report, which triggers a *de novo* review by this court of proposed findings or recommendations to which objection has been made. Id.

A jury in Jackson County convicted Petitioner of one count of possession of a controlled substance with intent to distribute after former conviction of two or more felonies. In accordance with the jury's recommendation, the court sentenced petitioner to forty-five years of imprisonment. Petitioner's conviction and sentence were affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA"). Petitioner raised four grounds for relief in his direct appeal, which the OCCA reviewed and rejected in a

summary opinion. Petitioner then filed a post-conviction application, in which he raised ineffective assistance of appellate counsel and three new claims. The trial court determined Petitioner had failed to support his allegation of ineffective assistance of appellate counsel and procedurally defaulted on the other claims. The OCCA affirmed that decision.

In his habeas petition, Petitioner lists five grounds for relief—each of which was raised on direct appeal or in his post-conviction application. Because the OCCA addressed the merits of petitioner's claims, review is governed by 28 U.S.C. § 2254(d). The Supreme Court has repeatedly acknowledged that Section 2254(d) "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 571 U.S. --, 134 S. Ct. 10, 16 (2013). Relief may only be granted "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Harrington v. Richter, 562 U.S. 86, 102 (2011). What is required is a showing that the state court's decision is "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citing Williams v. Taylor, 529 U.S. 362, 409 (2000)).

Petitioner's first objection argues that Judge Mitchell failed to adequately consider two affirmations that were attached to his application for post-conviction relief and that the evidence failed to support his constructive possession of the controlled substance. As the Report thoroughly and adequately discusses, Petitioner raised his insufficient evidence claim on direct appeal, and the OCCA denied relief on the merits. When viewed in the light most favorable to the prosecution, a rational trier of fact could have found all essential elements of possession with intent to distribute beyond a reasonable doubt. Nor would such a decision be based on an unreasonable determination of the facts in light of the

2

evidence presented. Further, Judge Mitchell did consider the affirmations when addressing Petitioner's claim of ineffective assistance of appellate counsel for failure to present an ineffective assistance of trial counsel argument. She correctly determined that the OCCA's conclusion that Petitioner did not demonstrate a reasonable probability that the result of his trial would have been different if the first affirmation or similar testimony had been presented by his trial counsel was a reasonable application of federal law. Likewise, she correctly determined that the OCCA's conclusion that Petitioner's trial would have ended with the same result even if the jurors had heard Ms. Hocker's affirmation or similar testimony was also a reasonable application of federal law. Petitioner's argument that constructive possession could not be established when the affirmations are considered is unavailing.

Petitioner's second and third objections to the Report reiterate his arguments that 21 Okla. Stat. § 51.1 is unconstitutional. As noted in the Report, this claim was not raised on direct appeal, was found to have been waived by the district court in ruling on Petitioner's application for post-conviction relief, and the OCCA affirmed this decision on appeal. This ruling is based on an adequate and independent procedural rule and habeas review is procedurally barred.

Petitioner's remaining objections are all directed to the Report's disposition of the ineffective assistance of appellate counsel claim. After *de novo* review, the court concludes the Report correctly determined that Petitioner cannot rely on ineffective assistance of appellate counsel as cause for his state-court procedural default and that the OCCA's application of Strickland was reasonable.

3

Petitioner's fourth and fifth objections also seem to be directed at his fourth ground for relief—that Oklahoma law enforcement personnel engaged in a criminal conspiracy with a private citizen with the private citizen when conducting controlled purchases of marijuana. Like Petitioner's argument that the Oklahoma sentencing statute is unconstitutional, this this claim was not raised on direct appeal, was found to have been waived by the district court in ruling on Petitioner's application for post-conviction relief, and the OCCA affirmed this decision on appeal. This ruling is based on an adequate and independent procedural rule and habeas review is procedurally barred. Further, the Report appropriately addresses this claim when analyzing Petitioner's ineffective assistance of appellate counsel claim.

Accordingly, the Report [Doc. #14] is **ADOPTED** and the petition for writ of habeas corpus [Doc. #1] is **DENIED**. A certificate of appealability is also denied.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE